UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-01789-MRA-KES | Date | November 16, 2026 |
| Title | *Gregory Bowen et al v. GKN Aerospace Transparency Systems Inc. et al.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Priscilla Deason for Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFFS' MOTION TO REMAND [16]**

Before the Court is Plaintiffs' Motion to Remand (the "Motion"). ECF 16. The Court read and considered the briefing related to the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **DENIES** the Motion.

## I. BACKGROUND

On May 29, 2026, Plaintiffs Gregory Bowen, Wai Yao Hung, Bryan Arriaga, Rosalia Arriaga, Erick Arriaga, Ashley Arriaga, Jose Arriaga, Christopher Arriaga, and Guadalupe Junior Leon (collectively, "Plaintiffs") filed this action in Orange County Superior Court against Defendants GKN Aerospace Transparency Systems, Inc., GKN Aerospace Services, LLC, GKN Aerospace, Inc., Melrose Industries PLC, Southern California Edison Company (collectively, "Defendants") and Does 1 through 150. ECF 1-1. On July 8, 2026, Defendant GKN Aerospace Transparency Systems, Inc. ("Transparency Systems") removed the case to federal court pursuant to the federal officer removal statute, 28 U.S.C. § 1442. ECF 1.

Transparency Systems is a defense contractor that makes transparencies, including cabin and cockpit windows, windshields, and canopies, for the United States military. ECF 1 ¶¶ 7, 13. Transparency Systems is also a subcontractor for Lockheed Martin, another defense contractor. *Id.* ¶ 15. When produced for military purposes, transparencies must be manufactured with special coatings "intended to maintain low-observable characteristics necessary for the mission profile" of the aircraft. *Id.* ¶ 16. The manufacturing process for these special coatings involves the use of uninhibited methyl methacrylate ("MMA"). *Id.* ¶ 20. Transparency Systems stores MMA at its facility in Garden Grove, California (the "Facility"). *Id.* ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-01789-MRA-KES | Date | November 16, 2026 |
| Title | *Gregory Bowen et al v. GKN Aerospace Transparency Systems Inc. et al.* | | |

According to the Complaint, on May 21, 2026, a 34,000-gallon MMA storage tank at the Facility underwent a "catastrophic industrial emergency" when it "began overheating and venting toxic vapors into the surrounding residential community." ECF 1-1 ¶ 1. As the tank "began exhibiting signs of structural distress," the Orange County Fire Authority issued a mandatory evacuation order affecting approximately 40,000 to 50,000 nearby residents. *Id.* ¶ 2. Officials warned residents that tank failure could result in catastrophic explosion and/or the release of thousands of gallons of liquid MMA into the community. *Id.* ¶ 3.

Plaintiffs are individuals that "either resided in, regularly visited, and/or conducted business" in the affected area. ECF 1-1 ¶ 15. They assert 12 causes of action under California law for: (1) negligence; (2) negligence per se; (3) strict liability for ultrahazardous activities; (4) continuing private nuisance; (5) permanent private nuisance; (6) continuing public nuisance; (7) permanent public nuisance; (8) trespass; (9) intentional infliction of emotional distress; (10) negligent infliction of emotional distress; (11) fraudulent concealment; and (12) inverse condemnation. *Id.* ¶¶ 45–188.

On August 5, 2026, the Court consolidated this action with several related matters into *In re Garden Grove Chemical Plant Evacuation*, 8:26-cv-01293-MRA-KES, and administratively closed the individual case docket. ECF 15.

Plaintiffs filed the instant Motion to Remand on August 7, 2026. ECF 16. Transparency Systems filed an Opposition on September 8, 2026, ECF 18, and Plaintiffs filed a Reply on October 8, 2026, ECF 19.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may exercise jurisdiction only when authorized by the Constitution or a statute. *Id.*

Under the federal officer removal statute, a civil case commenced in state court is removable by "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). A removing defendant must satisfy three requirements: (1) they "must be the United States, a federal agency, a federal officer, or a person 'acting under' a federal officer, such as certain private parties hired to assist federal officers"; (2) the suit must be "for or relating to any act under color of such office"; and (3) "the removing defendant must assert 'a colorable federal defense.'" *Chevron USA Inc. v. Plaquemines Par., La.*, 608 U.S. 1, 6 (2026) (internal citations omitted). "Unlike removal under § 1441, which is construed narrowly,

federal officer removal 'must be liberally construed.'" *Doe v. Cedars-Sinai Health Sys.*, 106 F.4th 907, 913 (9th Cir. 2024) (quoting *DeFiore v. SOC LLC*, 85 F.4th 546, 553–54 (9th Cir. 2023)); *see also Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) ("[D]efendants enjoy much broader removal rights under the federal officer removal statute than they do under the general removal statute."). Where, as here, a plaintiff brings a facial challenge to a defendant's assertion of federal officer removal jurisdiction, the court must accept the defendant's factual allegations as true and "draw all reasonable inferences in favor of the remover." *DeFiore*, 85 F.4th at 552.

## III. DISCUSSION

Plaintiffs "assume without conceding" that Transparency Systems satisfies the "acting under" and "relating to" requirements for federal officer removal jurisdiction. ECF 16 at 10. Therefore, the only question before the Court is whether Transparency Systems has plausibly asserted a colorable federal defense. *See id.*

To assert federal officer removal jurisdiction, a defendant need only advance a "colorable" federal defense. *DeFiore*, 85 F.4th at 558. The defendant need not show that the defense will be meritorious. *Id.* Thus, the question for the district court is whether an asserted federal defense is "wholly insubstantial and frivolous" or "immaterial and made solely for the purpose of obtaining jurisdiction." *Id.* at 560. (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). The Ninth Circuit has clarified that this is a "low bar." *Id.*

Transparency Systems asserts two distinct but related federal defenses. First, it asserts a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). ECF 1 ¶¶ 30–33. "This defense protects government contractors from tort liability that arises as a result of the contractor's 'compli[ance] with the specifications of a federal government contract.'" *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) (quoting *In re Hanford Nuclear Rsrv. Litig.,* 534 F.3d 986, 1000 (9th Cir. 2008)). It "applies not only to claims challenging the physical design of a military product, but also to the process by which such equipment is produced." *In re Hanford Nuclear Rsrv. Litig.*, 534 F.3d at 1000.

To invoke this defense, a government contractor must show: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle*, 487 U.S at 512.

***1. Reasonably Precise Specifications***

To establish the first element of a *Boyle* defense—that the government approved reasonably precise specifications—a defendant must show that "the government's approval of a particular specification [is] more than a cursory 'rubber stamp' approving the design." *Getz*, 654 F.3d at 861.

Here, Transparency Systems alleges that the government "imposes military specifications on Transparency Systems' transparencies, . . . sets quality and process requirements for the products that Transparency Systems manufactures, and runs regular tests of Transparency Systems' products." ECF 18 at 12; *see also* ECF 1 ¶¶ 19–24. Transparency Systems further alleges that "the government observes and approves *all* of Transparency Systems' manufacturing processes including those related to the storage and use of uninhibited MMA." ECF 18 at 12; *see also* ECF 1 ¶ 23.

Plaintiffs argue that Transparency Systems has not satisfied the first *Boyle* element because it "does not identify any federal requirement governing the maintenance, inspection, repair, temperature monitoring, inhibitor management, cooling-system upkeep, valve servicing, emergency response, or public warning that the Complaint challenges." ECF 19 at 11; *see also* ECF 16 at 11–12. Specifically, Plaintiffs contend that the specifications Transparency Systems identifies "concern the finished transparency product, not the specific storage and maintenance practices challenged by Plaintiffs." ECF 16 at 11.

The Court disagrees with Plaintiffs. Transparency Systems alleges that the government's military specifications ("MIL-SPECs") set performance requirements for transparencies that can be achieved only using uninhibited MMA. ECF 1 ¶¶ 19–20. Thus, drawing reasonable inferences in Transparency Systems' favor, the government's specifications do not concern only the finished transparency product; they also dictate the use of a particular chemical—MMA—in the manufacturing process. Moreover, to maintain its status on the Qualified Products List ("QPL"), Transparency Systems must obtain government approval of its manufacturing processes. *Id.* ¶ 23. The Facility at the center of Plaintiff's claims is therefore subject to regular government inspections and quality audits to ensure compliance with these requirements. *Id.* Taken together, these allegations sufficiently demonstrate that the government did more than just "rubber-stamp" the design of the finished transparencies—it exercised careful oversight over the manufacturing process involving the MMA stored at the Facility. Accordingly, the Court is satisfied that Transparency Systems has adequately alleged that the government approved reasonably precise specifications, satisfying the first *Boyle* element.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-01789-MRA-KES | Date | November 16, 2026 |
| Title | *Gregory Bowen et al v. GKN Aerospace Transparency Systems Inc. et al.* | | |

The cases Plaintiffs cite do not alter this conclusion. Plaintiffs cite *Hencely v. Fluor Corp.*, 146 S. Ct. 1086 (2026), to argue that "[w]here the Government specifies the required result but does not dictate the allegedly unsafe method the contractor selects," *Boyle* is inapplicable. ECF 16 at 11. As a threshold matter, for the reasons explained above, the Court rejects Plaintiffs' contention that the government merely specified a required result. Even so, *Hencely* is inapposite here because, in that case, the court determined that the defendant's *Boyle* defense failed because its conduct was not only unauthorized but was also "contrary to" federal instruction. 146 S. Ct. at 1095. Plaintiffs do not argue that Transparency Systems' conduct was unauthorized or contrary to federal specifications. Moreover, *Hencely* was a merits decision, and therefore involved a more searching inquiry than that which is required at the removal stage where the Court need only determine whether Transparency Systems has asserted a "colorable" defense.

*Cabalce v. Thomas E. Blanchard & Associates, Inc.*, 797 F.3d 720 (9th Cir. 2015), also does not support Plaintiffs' position. In *Cabalce*, the Ninth Circuit determined that the defendant had failed to satisfy the first *Boyle* element because it was not a military contractor. 797 F.3d at 731. The court further noted that, even if applicable, the defendant "failed to proffer *any* evidence" that the government had approved a particular specification for the challenged conduct. *Id.* (emphasis added). The facts in this case are unlike those in *Cabalce*. First, Plaintiffs do not challenge that Transparency Systems is a military contractor. Second, as already discussed, Defendants have asserted sufficient facts to adequately allege at the removal stage that the government approved reasonably precise specifications.

### 2. *Conformity with Specifications*

The second element of a *Boyle* defense requires conformity with the government's specifications. *Boyle*, 487 U.S at 512.

Plaintiffs argue that Transparency Systems has not plausibly alleged this element because "the Notice does not allege that the inaccurate sensors, inoperable valves, inadequate inhibitor management, degraded cooling components, or alleged inspection and repair failures conformed to a federal specification." ECF 16 at 12. Transparency Systems responds that "[t]he fact that the government continues to list Transparency Systems on its QPL, continues to seek out and accept orders from Transparency Systems, and is funding and directing the Facility's expansion, demonstrates that Transparency Systems' equipment has conformed to the government's exacting and scrupulous specifications and standards." ECF 18 at 16; *see also* ECF 1 ¶¶ 32–33.

The Court agrees with Transparency Systems. Other courts have found that "[c]ontinued acceptance of a military contractor's service is valid evidence that the contractor's services

conformed to the military specifications." *Butterfield v. Gen. Elec. Co.*, No. 23-CV-01620-AMO, 2023 WL 8697701, at *6 (N.D. Cal. Dec. 15, 2023); *see also Getz*, 654 F.3d at 864; *Thompson v. Crane Co.*, No. CIV. 11-00638 LEK, 2012 WL 1344453, at *25 (D. Haw. Apr. 17, 2012), *aff'd sub nom. Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014). Therefore, accepting as true Transparency Systems' allegations that the government continues to accept its products and fund the Facility's expansion, the Court concludes that Transparency Systems has made a colorable showing that it can establish the second *Boyle* element.

### *3. Warning Requirement*

Finally, the third *Boyle* element "requires government contractors to warn the United States 'about the dangers in the use of the equipment that were known to the [contractor] but not to the United States.'" *Getz*, 654 F.3d at 865 (quoting *Boyle*, 487 U.S. at 512). "*Boyle* does not require government contracts to warn of dangers that were already known to the United States." *Id.* at 866.

Transparency Systems asserts that the government was already informed about MMA's inherent risks such that it did not need further warning. ECF 18 at 17. Specifically, Transparency Systems alleges that, "under the QPL, the government observed and approved all of Transparency Systems' manufacturing processes including the storage and use of MMA, knowing of the inherent risks associated with uninhibited MMA." *Id.*; *see also* ECF 1 ¶ 32. Even so, Transparency Systems alleges that it "disclose[d] and explain[ed]" the risks and dangers associated with its manufacturing processes in order to obtain QPL certification. ECF 18 at 18; *see also* ECF 1 ¶ 23. These allegations are sufficient to satisfy the third *Boyle* element.

Plaintiffs argue that it is not enough that the government knew of MMA's inherent dangers. ECF 19 at 13. Rather, Plaintiffs contend that Transparency System had a duty to warn the government "of the tank-specific inhibitor, valve, monitoring, or cooling deficiencies alleged" in the Complaint. *Id.* Plaintiffs cite no authority for this proposition, and the Court is not persuaded that to assert a "colorable" defense a defendant need provide such exacting details.

Accordingly, the Court is satisfied that Transparency Systems' *Boyle* defense is not "wholly insubstantial and frivolous" or "immaterial and made solely for the purpose of obtaining jurisdiction."[1] *DeFiore*, 85 F.4th at 560.

---

[1] Transparency Systems also asserts a government contractor immunity defense under *Yearsly v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940). ECF 1 ¶ 34–36. Because the Court concludes that Transparency Systems has asserted a colorable *Boyle* defense, the Court need not

The Court concludes that Transparency Systems has satisfied the requirements of the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Thus, removal was proper and the Court may exercise subject matter jurisdiction over the controversy.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand [16] is **DENIED**.

**IT IS SO ORDERED.**

| | | |
|---|---|---|
| | - | : - |
| Initials of Deputy Clerk | Pd/mku | |

consider the *Yearsly* defense at this stage of the litigation.